IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

REY DAVID VARGAS,

        Petitioner,

vs.

CIVIL ACTION NO.: CV205-131

JAMES LANIER, Warden, Wayne
State Prison; MILTON E. NIX, JR.,
Chairman, State Board of Pardons and
Paroles, and JAMES E. DONALD,
Commissioner, Georgia Department
of Corrections,

        Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rey David Vargas ("Vargas"), an inmate currently incarcerated at Wayne State Prison in Odum, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a decision of the Georgia Board of Pardons and Paroles ("the Board"). Respondents filed an Answer-Response and a Motion to Dismiss. Vargas has filed a Response. For the reasons which follow, Respondents' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Vargas was convicted after a jury trial of aggravated child molestation in the Gwinnett County Superior Court and was sentenced to twenty (20) years' imprisonment. Vargas filed an appeal with the Georgia Court of Appeals, which affirmed his conviction and sentence. Vargas was given a tentative parole month of August 1993, but the Board rescinded this decision and gave Vargas a tentative parole month of April 2003. Vargas

was considered for parole in 1998, 2001, and 2004, and the Board denied him parole on each occasion.

In the instant petition, Vargas contends that he is being "imprisoned pursuant to the illegal and unconstitutional actions . . . by the . . . Board" because the Board: 1) failed to inform him of the reasons why it denied him parole, as mandated by the Georgia Supreme Court's order; 2) considered "protest letters" without disclosing them to him; 3) retaliated against him by denying him parole because he has filed habeas corpus and civil rights actions in the past; 4) improperly used ill-founded and vindictive protest letters from judges, prosecutors, and police officers involved in his criminal prosecution; 5) granted a parole certificate, effective on August 31, 1993, which was revoked without a vote, authority, or due process of law; and 6) has consistently amended its guidelines since 1991 to allow for more time served. (Pet., pp. 5C-E.) Vargas also contends that the Fulton County Superior Court deprived him of a full and fair hearing by not requiring the Board to produce subpoenaed documents from his parole file.

Respondents assert that the claims Vargas raises in the instant petition are untimely under 28 U.S.C. § 2244(d)(1). Respondents allege that Vargas did not file the instant petition until June 24, 2005, which is over twelve (12) years after the Board initially denied him parole. Respondents also allege that the subsequent denials by the Board do not warrant separate statute of limitation calculations. Thus, Respondents aver, Vargas' petition should be dismissed as untimely filed.

## DISCUSSION AND CITATION OF AUTHORITY

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049,

2

1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. Id. at 786. This section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States." Id. (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

The limitation period shall run from the latest of--

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

3

> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Petitions contesting events occurring prior to the enactment of the AEDPA should have been filed within one (1) year of the enactment, or by April 23, 1997, absent any tolling of the statute of limitation. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998).

Vargas contests the decision of the Board to deny him parole in 1993. Vargas is in custody pursuant to the judgment of a Georgia court, and thus, his petition is governed by section 2254 and its attendant restrictions, such as the statute of limitation period. See Thomas, 371 F.3d at 787 (stating that the argument that section 2254 does not apply where a state prisoner challenges parole decisions rather than court rulings is without merit). It was at the time the Board denied Vargas parole in 1993 that he was or should have been aware of the factual predicate of his claims. See Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (noting that statute of limitation period begins to run at the time the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard to his rights). To the extent that Vargas contends that the Board's decisions to deny him parole at later times are relevant, this contention is without merit. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1262 (11th Cir. 2003) (reasoning that successive denials of parole do not involve separate factual

4

predicates and therefore do not warrant separate statute-of-limitations calculations). Because the event Vargas complains of occurred prior to the enactment of the AEDPA, he had until April 23, 1997, by which to file the instant petition. Vargas did not file the instant petition until June 2005, which is almost twelve (12) years after the Board initially denied him parole and over nine (9) years after the AEDPA was enacted. Accordingly, Vargas' petition was filed well outside of the one year statute of limitation available under 28 U.S.C. § 2244(d)(1).

Vargas' assertion that his petition should be considered timely filed because it concerns the 2001 denial of parole also is without merit. Assuming without deciding that the Board's 2001 denial of parole is the relevant date for the statute of limitation discussion, Vargas' petition is nonetheless untimely. Vargas contends that he filed a writ of mandamus in the Georgia courts on April 29, 2002, after he was denied parole in 2001. On December 1, 2003, the Georgia Supreme Court denied Vargas' application for discretionary review. (Pet'r's Ex. 2 attached to Doc. No. 1.) Vargas' petition would have had to been filed in this Court on or before December 2, 2004, to be considered timely filed; however, Vargas' petition was not filed[1] until June 24, 2005. Thus, Vargas' petition is untimely filed under this scenario, as well.

---

[1] Vargas' petition is signed January 27, 2005. (Pet., p. 9.) Even if this were the date the Court considered Vargas' petition "filed", his petition would still be barred by the applicable statute of limitation for the reasons discussed in the body of this Report.

5

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss (Doc. No. 6) be **GRANTED**, and Vargas' petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** as untimely filed.

**SO REPORTED** and **RECOMMENDED** this 7th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)